60 F.3d 838
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry James ZACKERY, Petitioner-Appellant,
v.
Steve HARGETT, and Attorney General of the State of
Oklahoma, Respondents-Appellees.
 No. 95-6078.
 United States Court of Appeals, Tenth Circuit.
 July 10, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 ANDERSON
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 Larry James Zackery appeals from the dismissal of his second petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The district court adopted the report and recommendation of the magistrate judge, filed January 20, 1995, and dismissed the petition as an abuse of the writ. The court expressly found that Mr. Zackery failed to show cause for failing to raise his present claim in his first habeas petition, and failed to demonstrate that the fundamental miscarriage of justice exception is applicable.
 
 
 1
 We have carefully considered Mr. Zackery's arguments on appeal, as well as the entire file, and conclude that the district court did not err. Our reasons are substantially those contained in the magistrate judge's report and recommendation.
 
 
 2
 We GRANT Mr. Zackery's motion to proceed without prepayment of costs or fees, GRANT his application for a certificate of probable cause, and AFFIRM the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470